IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| WILLIAM WESTWOOD | § |
| | § |
| *Plaintiff* | § |
| | § |
| vs. | §    CASE NO. _____ |
| | § |
| DR. HUNTER HANSEN, D.O. and | § |
| CAROLINA MENS CLINIC, | § |
| | § |
| *Defendants* | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE DISTRICT COURT**:

COMES NOW Plaintiff, William Westwood ("Plaintiff" or "Westwood"), and files his Original Complaint against Dr. Hunter Hansen, D.O. ("Defendant", "Hansen" or "Dr. Hansen"), and Carolina Mens Clinic, ("CMC"), alleging Copyright Infringement under Section 501-504 of the Copyright Act, and would respectfully show as follows:

## I.
## PARTIES

1. Plaintiff is an individual doing business as "Westwood Medical Communications", an unincorporated business entity, and is a citizen of, and resides in, the State of New York.

2. Defendant Dr. Hunter Hansen is an individual who is a citizen of, and upon information and belief resides in, the State of North Carolina, and may be served with process at 10344 Park Rd., Suite 200, Charlotte, North Carolina 28210, or wherever he may be found.

3. CMC is upon information and belief an unincorporated business entity, duly organized and existing under the laws of the State of North Carolina, and may be served with process at 10344 Park Rd., Suite 200, Charlotte, North Carolina 28210, or wherever it may be

1

found.

## II.
## JURISDICTION AND VENUE

4. This is a civil action for copyright infringement with an amount in controversy in excess of $75,000.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1338 and 28 U.S.C. Section 1332.

6. Venue in the Western District of North Carolina is proper, pursuant to 28 U.S.C. 1400.

## III.
## FACTS

7. Plaintiff is a noted and respected board-certified medical illustrator, with many years of experience and a considerable reputation, and member of the Association of Medical Illustrators. Plaintiff has been featured on multiple AMI publications, has received multiple awards from that association, including their Lifetime Achievement Award, and was employed by *inter alia* the Mayo Clinic.

8. Plaintiff earns his livelihood from the creation and licensing of his images for compensation received from permitted third-party licensees including numerous attorneys, and legal organizations. Plaintiff's extensive *curriculum vitae* is attached hereto as **"Exhibit A".**

9. Hansen holds himself out and represents to the general public via advertising and otherwise as "[o]ne of the leading PRP [platelet rich plasma] experts in the country".

10. Hansen is, upon information and belief, the Medical Director of The Carolina Mens Clinic.

11. CMC presents itself as a facility with "Innovative Treatments For Men", for, inter alia, male enhancement, erectile dysfunction, Peyronie's Disease, premature ejaculation, and

testosterone replacement.

12. Hansen and CMC appear to be inextricably intertwined such that it is difficult to determine which of Hansen and CMC are acting at which time, and as such are hereinafter referred to jointly and interchangeably as "Defendants" or "Defendant".

13. Plaintiff's claim and action grows out of or is connected, in part, with CMC's business transacted in the State of North Carolina.

## IV.
## THE COPYRIGHTED WORK AT ISSUE

14. In 1999, Plaintiff drew a collection of images for a medical publication that included an illustration entitled "Peyronie's Disease," which is annexed hereto at "**Exhibit B**" and shown below and referred to herein as the "Work".



15. At the time Plaintiff created the Work, Plaintiff applied copyright management information to the Work consisting of the words "Westwood © '99" on the bottom of the Work.

16. Plaintiff registered the Work with the Register of Copyrights on February 15, 2012 and was assigned the registration number VA 1-814-562. The Certificate of Registration is attached hereto as "**Exhibit C**".

17. On or about August 1999, and pursuant to a license issued by Plaintiff, the Work was published in an article in the journal, American Family Physician, entitled "Peyronie's Disease: Current Management." A copy of the article is attached hereto as "**Exhibit D**".

18. At all relevant times Plaintiff was the owner of the copyrighted Work at issue in this case.

19. Plaintiff's Work shows great and original detail of a medical nature and is of substantial value due to the expertise required to create medical illustrations of a sufficient fidelity for publication in medical journals, including medical knowledge and artistic skill.

20. Plaintiff's Work is valuable in the marketplace.

21. Plaintiff's Work was particularly valuable to Hansen and CMC due to the subject matter pertaining directly to Hansen's and CMC's medical practice, business, and advertised specialties.

## V.
## INFRINGEMENT BY DEFENDANTS

22. Defendants, or one or more of them, have employed the Work without Plaintiff's license, authorization or consent, the full nature of which is unknown to Plaintiff without discovery.

23. Upon information and belief, one or more of Defendants selected the Work to include on the website "thecarolinamensclinic.com".

24. Upon information and belief, Hansen, or someone on his or CMC's behalf, cropped the Work for use on the website thecarolinamensclinic.com.

25. Upon information and belief, each of the Defendants were involved in the publication of the Work on the website "thecarolinamensclinic.com".

26. Upon information and belief, each of Defendants approved of the publication of the Work on the website "thecarolinamensclinic.com".

27. None of Defendants obtained a license to use the Work on the website "thecarolinamensclinic.com" for any purpose whatsoever.

28. Notwithstanding the foregoing, Defendants, or one or more of them, have

5

prominently employed the Work on the website "thecarolinamensclinic.com" (copies of such unauthorized use of Plaintiff's Work are annexed hereto at "**Exhibit E**").

29. Defendants, or one or more of them, have employed the Work at https://thecarolinamensclinic.com/male-enhancement/ ("**Exhibit E**").

30. Defendants' uses of the Work promote CMC's and Hansen's practice for, *inter alia*, treatment for male enhancement, erectile dysfunction, Peyronie's Disease, the "P Shot" and Platelet Rich Plasma procedures.

31. The above described uses of Plaintiff's Work by Defendants serve to promote the website "thecarolinamensclinic.com".

32. The above described uses of Plaintiff's Work by Defendants serve to promote defendant(s)' services.

33. The above described uses of Plaintiff's Work by Defendants serve to promote defendant(s)' business.

34. The above described uses of Plaintiff's Work by Defendants serve to promote defendant(s)' economic interests.

35. Upon information and belief, Defendants, or one or more of them, purposely selected Plaintiff's Work to include on their website without seeking a license from Plaintiff for such use.

36. Defendants, or one or more of them, avoided paying plaintiff for a license for the use of the Work.

37. Upon information and belief, Hansen selects and decides which images are employed to promote his medical practice.

38. Upon information and belief, Hansen selects and decides which images to use to promote his medical practice without regard to how the images are procured and/or whether a valid license permitting the use of such images has been sought or obtained.

39. Upon information and belief, Hansen selected the Work for inclusion on the website thecarolinamensclinic.com.

40. Upon information and belief, Hansen caused or enabled the Work to be published on the website thecarolinamensclinic.com.

41. Upon information and belief, Hansen had a right and ability to supervise the content published on the website thecarolinamensclinic.com.

42. Upon information and belief, Hansen did supervise the content published on the website thecarolinamensclinic.com.

43. Upon information and belief, Hansen approved of the publication of the Work on the website thecarolinamensclinic.com.

44. Upon information and belief, Hansen personally participated in the selection, publication, and/or approval of the Work on the website thecarolinamensclinic.com.

45. Upon information and belief, Hansen stood to directly benefit from the publication of the Work on the website thecarolinamensclinic.com as, inter alia, the use advertises and promotes defendants' services and Hansen benefits economically from revenue derived from such services.

46. Upon information and belief, Hansen directly benefitted from the publication of the Work on the website thecarolinamensclinic.com as, inter alia, the use advertised and promoted defendants' services and Hansen benefitted economically from revenue derived from such services.

47. Upon information and belief, Defendants, or one or more of them, knew and had actual knowledge that they lacked Plaintiff's license, authorization, and consent to use the Work as complained of herein.

48. The Work itself includes authorship credit to Plaintiff via the handwritten text on the face of the Work stating "WESTWOOD".

49. Plaintiff never granted any of Defendants a license, authorization or consent to use

the Work as complained of herein.

50. At no time did the Defendants, or one or more of them, nor any agent on the Defendant(s)' behalf, seek to obtain a license from Plaintiff for use of the Work for any purpose.

51. Defendants, or one or more of them, have employed the Work for their own commercial benefit with knowledge that they had not secured a license to do so.

52. Defendants, or one or more of them, never sought, nor obtained, a license, authorization or consent from Plaintiff to use the Work in the manners complained of herein.

53. Defendants, or one or more of them, used the Work for each of their own economic advantage and to the detriment of Plaintiff.

54. Pursuant to *inter alia* Federal Rule 11, Plaintiff and Plaintiff's counsel sought to obviate judicial intervention and the filing of suit, and have made reasonable efforts to mitigate damages and attorney's fees, which may be recoverable pursuant to USC Title 17 § 505.

55. On March 8, 2021, Plaintiff, by counsel, issued and delivered correspondence to Hansen and CMC, advising them, *inter alia*, to remove the Work from their websites, and from any and all other uses of the Work; that they were in violation of Plaintiff's copyright; and that they had no right to use the Work on their websites as complained of herein (hereinafter the "Notice Letter", a copy of which is annexed hereto as "**Exhibit F**", sans its exhibits, which are elsewhere annexed to this Complaint).

56. The Notice Letter requested, *inter alia*, a disclosure of the full nature and extent of Hansen's and CMC's uses of the Work so that Plaintiff could in good faith formulate a reasonable fee to compensate them for the unauthorized use and, if possible, obviate the filing of suit.

57. On March 12, 2021, defendants, via their counsel, acknowledged receipt of the Notice Letter.

58. Thereafter, Hansen and Plaintiff, via each of their counsel, engaged in

correspondence via phone and email.

59. Notwithstanding the aforementioned correspondence, the parties have been unable to resolve the matter.

60. Attempts at non-judicial obviation of suit were made by Plaintiff's counsel and were not successful.

61. Defendants have failed to provide compensation to Plaintiff for their uses of the Work without a license, authorization or consent, in violation of the exclusive rights granted to Plaintiff as the copyright holder.

62. As of the date of this Complaint, the parties have been unable to resolve the matter.

63. Plaintiff actively pursues and defends infringements of his intellectual property in various districts in the Federal Courts, and otherwise.

64. Plaintiff is committed to protecting his copyright in the Work.

65. The full nature and extent of all infringing uses of Plaintiff's Work by the Defendants are unknown to Plaintiff as of this writing, said information being within the sole knowledge, custody, and control of Defendants. That such details and information are expected to be ascertained through discovery in this action.

66. Defendants have no defenses at law to the claims set forth herein.

67. Paragraphs "1" through "66" are incorporated by reference with respect to each of the below claims for relief.

## VI.
## CLAIM FOR RELIEF
### Copyright Infringement
### Under Section 501-504 of the Copyright Act

68. The use of Plaintiff's Work by the Defendants, or one or more of them, in connection with "thecarolinamensclinic.com", were and are without Plaintiff's authorization, license or consent.

9

69. Upon information and belief, the Defendants, or one or more of them, have infringed the copyright in Plaintiff's Work.

70. *Each* use of Plaintiff's Work constitutes a separate and distinct infringement of Plaintiffs' copyright.

71. Upon information and belief, the aforementioned acts of Defendants, or one or more of them, constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the rights granted to Plaintiff as copyright holder.

72. Upon information and belief, Defendant(s)' uses of the Work in violation of Plaintiff's copyright were negligent in that Defendants knew or should have known that they were without a license for the uses complained of herein.

73. Upon information and belief, Defendants, or one or more of them, had actual and/or constructive knowledge and/or through the exercise of ordinary business care and/or the examination of public records, knew or should have known that Plaintiff held the copyright in the Work, that Defendants, or one or more of them, never had a license, consent, or authorization by Plaintiff for the use of Plaintiff's Work on the website "thecarolinamensclinic.com" by Defendants, and that any such use would be in violation of Plaintiff's copyright.

74. Furthermore, upon information and belief, Defendant's uses of the Work were willful, intentional, malicious, and in bad faith.

75. As a result of Defendant(s)' acts, Plaintiff has been and will continue to be damaged in an amount as yet to be determined.

76. As a result of Defendant(s)' copyright infringement of Plaintiff's Work, Plaintiff is entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., and as an alternative to statutory damages, Plaintiff, at his election prior to

judgment is entitled to recover his actual damages and any additional profits of the Defendants, attributable to the infringement as under 17 U.S.C. Sections 504 (a)-(b).

## VII.
## CLAIM FOR RELIEF
Removal or Alteration of Copyright Management Information
Under Section 1202 of the Copyright Act

77. Upon information and belief, Defendant(s) intentionally and willfully removed or altered Plaintiff's copyright management information/data for Plaintiff's Work, without the authority of Plaintiff.

78. That the Work contained copyright management information in the form of a plainly visible copyright notice stating "WESTWOOD" on the Work itself.

79. That Defendant(s)' use of the Work lacks the visible copyright notice present on the face of the Work.

80. Upon information and belief, Defendant(s) removed and/or altered said copyright management information from the Work.

81. That such actions further demonstrate Defendant(s)' willful infringement of the Work.

82. That the aforesaid actions constitute a violation of Section 1202(b) of the Copyright Act.

83. Upon information and belief, Defendant(s) knew and/or had reasonable grounds to know that by concealing Plaintiff's copyright management data, that it would induce, enable, facilitate, or conceal Defendant(s)' infringement of Plaintiff's Work.

84. Upon information and belief, Defendant(s) intentionally and/or knowingly concealed Plaintiff's copyright management data as aforesaid, in order to conceal that its use of the Work was without the authorization of Plaintiff and in violation of law.

85. As a result of Defendant(s)' actions with regard to Plaintiff's copyright management data, Plaintiff has been and will continue to be damaged in an amount as yet to be determined.

86. As a result of Defendant(s)' actions with regard to Plaintiff's copyright management data, Plaintiff is entitled to damages in the form of actual or statutory damages pursuant to 17 U.S.C. 1203(b)(3) and 1203(c), costs pursuant to 17 U.S.C. 1203(b)(4), reasonable attorney's fees pursuant to 17 U.S.C. 1203(b)(5), a temporary and permanent injunction pursuant to 17 U.S.C. 1203(b)(1), and or the impounding, modification or destruction of any items involved in the violation pursuant to 17 U.S.C. 1203(b)(2) and 1203(b)(6).

87. Plaintiff is entitled to a separate award of damages for each of Defendant(s)' violation of 17 U.S.C. 501-505 (First Claim for Relief), and for Defendant(s)' violation of 17 U.S.C. 1202-1203 (Second Claim for Relief).

## VII.
## JURY DEMAND

88. Plaintiff requests a trial by jury of all issues.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests judgment against the Defendants as follows:

1) <u>On the First Claim for Relief</u>: Actual damages incurred as a result of Defendant(s)' infringement(s), and all profits realized as a result of its infringement(s), in amounts to be determined at trial; or in the alternative, at Plaintiff's election, maximum statutory damages in the amount of $150,000, pursuant to 17 U.S.C. § 504 for each separate and distinct act of infringement; An order of injunction permanently enjoining and prohibiting the Defendants, or one or more of them, including but not limited to wholly owned subsidiaries and/or affiliates, from employing or utilizing in any manner or media whatsoever, including all future uses, sales, transfers, assignments, or licensing of the Work, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

2) <u>On the Second Claim for Relief</u>: Actual damages incurred as a result of Defendant(s)' violation, and all profits of the violator that are attributable to the violation and are not taken into account in computing the actual damages; or in the alternative, at Plaintiff's election, maximum statutory damages in the amount of $25,000, pursuant to 17 U.S.C. § 1203(c)(3)(B) for each separate and distinct act of infringement; an order of injunction permanently enjoining and prohibiting the Defendants, or one or more of them, including but not limited to wholly owned subsidiaries and/or affiliates, from employing or utilizing in any manner or media whatsoever, including all future uses, sales, transfers, assignments, or licensing of the Work, pursuant to 17 U.S.C. § 1203(b)(1), and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5);

3) Prejudgment and post-judgment interest on all sums due; and

4) Such other and further relief as this Court may deem just and proper, inclusive of any and all relief or remedies allowable by the statutes referenced above or applicable hereinabove.

Respectfully Submitted,

EDWARD C. GREENBERG, LLC
445 Hamilton Avenue
Suite 1102
White Plains, NY 10022
Tel: (212) 697-8777
Fax: (212) 697-2528
ecglaw@gmail.com

By: <u>/s/ Ed Greenberg</u>
    Ed Greenberg
    New York State Bar No. 1184217

PRO HAC VICE COUNSEL FOR PLAINTIFF

Dana LeJune
7 Orchard Street
Suite 200
Asheville, NC. 28801
Tel: (828) 774-5800
dlejune@triallawyers.net

LOCAL COUNSEL FOR PLAINTIFF

14