UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:21-CV-00213-FDW-DCK

| | |
|---|---|
| WILLIAM WESTWOOD,<br><br>**Plaintiff,**<br><br>v.<br><br>CAROLINA MENS CLINIC<br>HUNTER HANSEN,<br><br>**Defendants.** | **ORDER** |

THIS MATTER is before the Court on Defendants' Motion to Strike portions of Plaintiff's Complaint. (Doc. No. 3). The Motion is fully briefed and is ripe for review. (Doc. Nos. 9, 13). For the reasons stated below, Defendant's Motion is DENIED.

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "Although courts have broad discretion in disposing of motions to strike, such motions 'are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Chapman v. Duke Energy Carolinas, LLC, No. 3:09-cv-37-RJC, 2009 WL 1652463, at *1 (W.D.N.C. June 11, 2009) (quoting Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks and citations omitted in original); Brown v. Inst. for Family Centered Servs., Inc., 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005)).

Plaintiff filed his Complaint on May 6, 2021, alleging copyright infringement against Defendants. (Doc. No. 1). Shortly thereafter, Defendants timely filed the present Motion to Strike pursuant to Fed. R. Civ. P. 12(f), arguing eight (8) paragraphs of Plaintiff's Complaint should be

1

stricken because they impermissibly refer to settlement negotiations in violation of Fed. R. Evid. 408. (Doc. No. 4).

After review of the specified paragraphs and the briefing, the Court finds that the specified paragraphs are not redundant, impertinent, immaterial, or scandalous. The specified portions of the Complaint simply allege Plaintiff has attempted in good faith to resolve the issues without judicial intervention, which are standard allegations in any complaint. (Doc. No. 1, ¶¶ 55-62). The Court is likewise not persuaded that the specified portions of the Complaint run afoul of the Federal Rules of Evidence at this stage in the litigation. Given the generally disfavored view of Rule 12(f) motions and the lack of legal authority Defendants cite in their Motion, the Court does not find it necessary or appropriate to resort to a drastic remedy such as striking portions of Plaintiff's Complaint.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike, (Doc. No. 3), is DENIED. Defendants may raise the issues set forth in their Motion to Strike again in later dispositive motions.

IT IS SO ORDERED.

Signed: July 21, 2021

_____
Frank D. Whitney
United States District Judge

2

Case 3:21-cv-00213-FDW-DCK   Document 15   Filed 07/22/21   Page 2 of 2